(79 South. 213)

No. 21345.

LOUISIANA NAV. CO., Limited, v. OYSTER COMMISSION OF LOUISIANA et al.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ⬤⟶1099(3)—SUBSEQUENT APPEAL—LAW OF CASE.

Under former decision against plaintiff company on its charge that defendants trespassed on navigable waters and streams within its grants, an exception of no cause of action, pleaded against its supplemental and amended petition, charging no other trespass, was properly sustained.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the Louisiana Navigation Company, Limited, against the Oyster Commission of Louisiana and others. Exception of no cause of action sustained, and plaintiff appeals. Affirmed.

J. C. & Thos. Gilmore, of New Orleans, and Edward N. Pugh, of Donaldsonville, for appellant. A. V. Coco, Atty. Gen., and Harry Gamble, Asst. Atty. Gen. (John Dymond, Jr., of New Orleans, of counsel), for appellees.

LECHE, J. On the 17th of January, 1910, a decision was rendered by this court, in which, although the case was remanded, we expressed an opinion adverse to the principal claims and pretentions of plaintiff in the above cause. See opinion in case No. 17594, reported in 125 La. 740, 51 South. 706.

We therein held that the grants under which plaintiff claims, being lands bordering upon and partially surrounded by the tidewater of the Gulf of Mexico, carry its titles no farther than high-water mark, and that, in so far as plaintiff asserts ownership and possession, under such titles, of land lying beneath the waters which surround the tracts of dry land included in said grants, or lying beneath any navigable passes or channels, which intersect such tracts or separate them from each other, the exception of no cause of action was properly maintained. We further held that it did not follow, however, that the petition, taken as a whole, fails to disclose a cause of action, since its allegations are broad enough to import a charge of trespass with respect to the dry land as well as the submerged land, and though the charge is not as specific as the defendants have a right to require, it cannot properly be said that it does not show a cause of action. We further stated that, moreover, it seemed not unlikely that there may be nonnavigable streams, pools, ponds, and wet places, within the borders of the dry land covered by plaintiff's grants, as that plaintiff would be entitled to hold them as included therein, and yet, with respect to which, defendants may hereafter insist that the judgment appealed from constitutes res judicata. Wherefore, with a view of affording plaintiff an opportunity to amend its petition within a delay to be fixed by the trial judge, by setting forth specifically the particular places or portions of its property upon which the alleged trespass has been committed, together with the time and manner of the trespass, the judgment appealed from was set aside, and the case remanded to the district court, to be proceeded with in accordance with the views therein expressed.

After the cause, in accordance with our decree, had been reinstated on the docket of the civil district court, plaintiff filed a supplemental and amended petition, in which it recited that it had obtained a writ of error from the Supreme Court of the United States to the judgment and decree thus rendered by this court on January 17, 1910, but that said judgment not being final in form, said writ was, for that reason, dismissed. Plaintiff then proceeds in said supplemental petition to allege that the lands comprised within its titles, based upon previous surveys of the United States government, contain no navigable channels or navigable waters subject to the application to tide or ebb and flow of the tide as a test of navigability, if there be any foundation in this country for the distinction attempted, which is misleading and has led to error in this case. Then follow allegations grouped into nine different paragraphs, in the nature of an argument attacking the correctness of the legal conclusions arrived at, and as expressed by us in our former opinion. Plaintiff did not attempt, in its supplemental and amended petition, to set forth specifically the particular places or portions of its property, the dry lands, the

nonnavigable streams, pools, ponds, and wet places within the borders of the dry lands covered by its grants, upon which the alleged trespass was committed by the defendants, nor the time and manner of the alleged trespass. Having failed to make such allegations in its supplemental and amended petition, the conclusion is irresistible that it could not truthfully do so, and that its real source of complaint, the only trespass charged and chargeable to defendants, is that alleged to have been committed upon submerged lands forming the bed of navigable waters. So that all doubt being now removed as to the fact that plaintiff neither pretends nor charges that defendants committed any trespass upon its dry lands or upon nonnavigable streams, pools, ponds, and wet places within the borders of its grants, and having in our former opinion in the appeal No. 17594 reached adversely to plaintiff's contention the conclusion to which we still adhere, that its complaint as to any trespass charged against defendants on the navigable waters and streams within the delimitation of its said grants failed to show a legal cause of action, the exception of no cause of action, pleaded by defendants against plaintiff's supplemental and amended petition on the district court, should be and was properly sustained.

The judgment appealed from is therefore affirmed.